IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARQUISE JARRELL, #229 143,                )
                                            )
    Plaintiff,                              )
                                            )
v.                                          ) CIVIL ACTION NO. 2:17-CV-602-MHT
                                            )                [WO]
ALABAMA DEPARTMENT OF                       )
CORRECTIONS, *et al.*,                      )
                                            )
    Defendants.                             )

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action on September 8, 2017, challenging events which occurred at the Easterling Correctional Facility in July of 2017. Upon initiation of this case, however, Plaintiff did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk. The court, therefore, did not have the information necessary to determine whether Plaintiff should be allowed to proceed *in forma pauperis* in this case and entered an order on September 18, 2017 requiring Plaintiff to provide the court with this information on or before October 2, 2017. Doc. 2 at 1–2. The court specifically cautioned Plaintiff that his failure to comply with the September 18 order would result in a recommendation that this case be dismissed. Doc. 2 at 2.

As of the present date, Plaintiff has filed nothing in response to the aforementioned order. The court, therefore, concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

It if further ORDERED on or before **November 22, 2017,** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written a objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 8th day of November, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE